**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| GREGORY DONEL JOHNSON, ) | |
| ID # 01779137, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-4055-P (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies, and the petitioner's motion to stay and abate his federal habeas petition should be **DENIED**.

**I. BACKGROUND**

Gregory Donel Johnson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 8, 2013. The respondent is William Stephens, Director of TDCJ-CID.

On April 5, 2012, a jury found Petitioner guilty of robbery in Cause No. F11-27104-X in the Criminal District Court No. 6 of Dallas, County, Texas. Pursuant to a sentencing plea agreement in which he waived his right to appeal, Petitioner was sentenced by the trial court to twenty-six years' imprisonment (Pet. at 2-3); *see also Johnson v. State*, No. 05-12-0613-CR, 2012 WL 1700707 (Tex. App.–Dallas May 16, 2012, no pet.). Petitioner filed a direct appeal that was dismissed by the state appellate court on May 16, 2012, for lack of jurisdiction. *Johnson*, slip op.

at *1. Petitioner did not file a petition for discretionary review (PDR).

Petitioner's first state writ challenging this conviction, received by the trial court on April 30, 2012, was dismissed on July 11, 2012, by the Texas Court of Criminal Appeals because his direct appeal was pending at the time it was filed. *See Ex parte Johnson*, WR-71,828-03 (Tex. Crim. App. July 11, 2012) (*see also* www.dallascounty.org, search for Cause No. W11-27104-A). Petitioner's second state writ challenging this conviction, received by the trial court on April 23, 2013, and a third state writ, received by the trial court on July 29, 2013, are currently pending in the trial court and have not yet been ruled on by the trial court or by the Texas Court of Criminal Appeals. (*See* www.dallascounty.org, search for Cause Nos. W11-27104-B, W11-27104-C).

In his federal petition, Petitioner asserts that: 1) the trial court erred in imposing a supplemental jury instruction; 2) his waiver of his right to appeal was involuntary; and 3) trial counsel and appellate counsel provided ineffective assistance of counsel. (Pet. at 6-7). He also seeks to have his federal petition stayed and abated so that he may exhaust the claims he raises in his federal petition. (Memorandum at 7-10).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with §

2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals. His direct appeal was dismissed for lack of jurisdiction, his first state application for writ of habeas corpus was dismissed because his direct appeal was pending, and his second state writ has not been ruled on by the trial court or the Court of Criminal Appeals. The Court of Criminal Appeals has not had an opportunity to review the claims raised in his federal petition. It appears that Petitioner may be attempting to seek waiver of the exhaustion requirement because the trial court has not yet ruled on his pending state writ applications or forwarded them to the Court of Criminal Appeals, and because he is concerned that his federal petition will be barred by the relevant statute of limitations. (Pet. at 9). Under 28 U.S.C. § 2254(b)(1), a federal habeas petition may not be granted unless a petitioner has either exhausted his state court remedies or there is either an absence of a state corrective process or circumstances render that process ineffective to protect a petitioner's rights. The Fifth Circuit has stated that in a case where a state writ application has been pending for several years without any action by the state courts, circumstances might exist that render the state process ineffective. *See Burks v. Thaler*, 421 Fed. App'x 364, 365 (5th Cir. April 5, 2011). Here, Petitioner's state writs have been pending for less than six months. He has

not shown that there is either an absence of a state process to address his claims or that the state process is ineffective.

With regard to Petitioner's concern that a federal petition will be barred by the statute of limitations, while Petitioner did wait approximately nine months after his first state writ was dismissed before filing a second state writ, 28 U.S.C. § 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Therefore, the time period that Petitioner's state writs are pending in the trial court or the Court of Criminal Appeals will not count towards the one-year statute of limitations. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. STAY AND ABEYANCE

In his memorandum, Petitioner also seeks to have his federal petition stayed and abated pursuant to *Rhines v. Weber*, 544 U.S. 269, 278 (2005). (Mem. at 7-10). Under *Rhines,* stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Petitioner has not met the *Rhines* requirements, primarily because he has failed to show good cause for failure to exhaust; his second and third state writs are currently pending in the state court. He instead requests to stay his federal petition because he erroneously believes that his state writs do not toll the statute of limitations.

(Mem. at 7). The motion for stay and abeyance should be denied.

## RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies, and the motion to stay and abate the federal habeas petition should be **DENIED**.

SIGNED this 23rd day of October, 2013.

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE